**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LODSYS GROUP, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:12-cv-730 |
| B & H FOTO & ELECTRONICS CORP. | § § | |
| CHARTER COMMUNICATIONS, INC.; | § | **JURY TRIAL DEMANDED** |
| CORBIS CORPORATION; | § § | |
| LAMPS PLUS, INC.; | § | |
| NORDSTROM, INC.; | § § | |
| Defendants. | § § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Lodsys Group, LLC ("Lodsys"), for its complaint against the above-named defendants, alleges as follows:

**THE PARTIES**

1.      Lodsys is a Texas limited liability company with its principal place of business in Marshall, Texas.

2.      Defendant B & H Foto & Electronics Corp. ("B&H") is a New York corporation with its principal place of business in New York, New York.

3.      Defendant Charter Communications, Inc. ("Charter") is a Delaware corporation with its principal place of business in St. Louis, Missouri.

4.      Defendant Corbis Corporation ("Corbis") is a Nevada corporation with its principal place of business in Seattle, Washington.

5.      Defendant Lamps Plus, Inc. ("Lamps Plus") is a California corporation with its principal place of business in Chatsworth, California.

6.      Defendant Nordstrom, Inc. ("Nordstrom") is a Washington corporation with its principal place of business in Seattle, Washington.

1

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*  Venue is proper in this federal district pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) in that defendants reside in this district, a substantial part of the events giving rise to the claims occurred in this district, and/or the defendants have a regular and established practice of business in this district and have committed acts of infringement in this district.

8.      This Court has general and specific personal jurisdiction over defendants, because each defendant has substantial contacts with the forum as a result of conducting substantial business in the State of Texas and within this district.  Upon information and belief, each defendant regularly solicits business in the State of Texas and this district; derives revenue from products and/or services provided to individuals residing the State of Texas and this district; conducts business utilizing the claimed systems and methods with and for customers residing in the State of Texas and this district; and provides and/or markets products and services directly to consumers in the State of Texas and this district.

9.      Defendants are properly joined in this action because each of the defendants make or utilize infringing websites with live interactive chat technology and/or the same infringing process.

## INFRINGEMENT OF U.S. PATENT NO. 7,620,565

10.      On November 17, 2009, U.S. Patent No. 7,620,565 (the "'565 patent") was duly and legally issued for a "Customer-Based Product Design Module."  A true and correct copy of the '565 patent is attached hereto as Exhibit A.  Lodsys is the owner by assignment of all rights, title, and interest in and to the '565 patent.

11.      Defendant B&H has infringed directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others (including but not limited to users of B&H's website), one or more of the claims of the '565 patent.   B&H manufactures, uses, sells, imports, and/or offers to sell infringing products and/or services — including but not

limited to B&H's website www.bhphotovideo.com, with live interactive chat and/or user feedback form features — which infringe at least claim 15 of the '565 patent under 35 U.S.C. § 271.

12.     Defendant Charter has infringed directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others (including but not limited to users of Charter's website), one or more of the claims of the '565 patent.    Charter manufactures, uses, sells, imports, and/or offers to sell infringing products and/or services — including but not limited to Charter's websites such as www.charter.com, with live interactive chat and/or feedback soliciting FAQ features — which infringe at least claim 15 of the '565 patent under 35 U.S.C. § 271.

13.     Defendant Corbis has infringed directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others (including but not limited to users of Corbis' website), one or more of the claims of the '565 patent.   Corbis manufactures, uses, sells, imports, and/or offers to sell infringing products and/or services — including but not limited to Corbis' website www.corbisimages.com, with live interactive chat and/or user feedback form features — which infringe at least claim 15 of the '565 patent under 35 U.S.C. § 271.

14.     Defendant Lamps Plus has infringed directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others (including but not limited to users of Lamps Plus' website), one or more of the claims of the '565 patent. Lamps Plus manufactures, uses, sells, imports, and/or offers to sell infringing products and/or services — including but not limited to Lamps Plus' websites such as www.lampsplus.com, with live interactive chat, user feedback form, and/or survey features — which infringe at least claim 15 of the '565 patent under 35 U.S.C. § 271.

15.     Defendant Nordstrom has infringed directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others (including but not limited to users of Nordstrom's website), one or more of the claims of the '565 patent.

Nordstrom manufactures, uses, sells, imports, and/or offers to sell infringing products and/or services — including but not limited to Nordstrom's website shop.nordstrom.com, with live interactive chat and/or user feedback form features — which infringe at least claim 15 of the '565 patent under 35 U.S.C. § 271.

16.     Defendants' acts of infringement have caused damage to Lodsys, and Lodsys is entitled to recover from defendants the damages sustained by Lodsys as a result of defendants' wrongful acts in an amount subject to proof at trial.  Defendants' infringement is willful and deliberate, including because defendants became aware of the infringing nature of their respective products and services at the latest when they received a notice letter from Lodsys and/or the filing of Lodsys's Complaint, entitling Lodsys to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### INFRINGEMENT OF U.S. PATENT NO. 7,222,078

17.     On May 22, 2007, U.S. Patent No. 7,222,078 (the "'078 patent") was duly and legally issued for "Methods and Systems for Gathering Information from Units of a Commodity Across a Network."  A true and correct copy of the '078 patent is attached hereto as Exhibit B. Lodsys is the owner by assignment of all rights, title, and interest in and to the '078 patent.

18.     Defendant B&H has infringed directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others (including but not limited to users of B&H's website), one or more of the claims of the '078 patent.   B&H manufactures, uses, sells, imports, and/or offers to sell infringing products and/or services — including but not limited to B&H's website www.bhphotovideo.com, with live interactive chat and/or user feedback form features — which infringe at least claim 1 of the '078 patent under 35 U.S.C. § 271.

19.     Defendant Charter has infringed directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others (including but not limited to users of Charter's website), one or more of the claims of the '078 patent.    Charter manufactures, uses, sells, imports, and/or offers to sell infringing products and/or services —

including but not limited to Charter's websites such as www.charter.com, with live interactive chat and/or feedback soliciting FAQ features — which infringe at least claim 1 of the '078 patent under 35 U.S.C. § 271.

20.     Defendant Corbis has infringed directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others (including but not limited to users of Corbis' website), one or more of the claims of the '078 patent.   Corbis manufactures, uses, sells, imports, and/or offers to sell infringing products and/or services — including but not limited to Corbis' website www.corbisimages.com, with live interactive chat and/or user feedback form features — which infringe at least claim 1 of the '078 patent under 35 U.S.C. § 271.

21.     Defendant Lamps Plus has infringed directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others (including but not limited to users of Lamps Plus' website), one or more of the claims of the '078 patent. Lamps Plus manufactures, uses, sells, imports, and/or offers to sell infringing products and/or services — including but not limited to Lamps Plus' websites such as www.lampsplus.com, with live interactive chat, user feedback form, and/or survey features — which infringe at least claim 1 of the '078 patent under 35 U.S.C. § 271.

22.     Defendant Nordstrom has infringed directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others (including but not limited to users of Nordstrom's website), one or more of the claims of the '078 patent. Nordstrom manufactures, uses, sells, imports, and/or offers to sell infringing products and/or services — including but not limited to Nordstrom's website shop.nordstrom.com, with live interactive chat and/or user feedback form features — which infringe at least claim 1 of the '078 patent under 35 U.S.C. § 271.

23.     Defendants' acts of infringement have caused damage to Lodsys, and Lodsys is entitled to recover from defendants the damages sustained by Lodsys as a result of defendants' wrongful acts in an amount subject to proof at trial.   Defendants' infringement is willful and

deliberate, including because defendants became aware of the infringing nature of their respective products and services at the latest when they received a notice letter from Lodsys and/or the filing of Lodsys's Complaint, entitling Lodsys to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Lodsys respectfully requests a trial by jury on all issues.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Lodsys Group, LLC, respectfully requests entry of judgment in its favor and against defendants as follows:

(a)    Declaration that (1) defendants have infringed U.S. Patent No. 7,620,565; and (2) defendants have infringed U.S. Patent No. 7,222,078;

(b)    Awarding the damages arising out of (1) defendants' infringement of U.S. Patent No. 7,620,565; and (2) defendants' infringement of U.S. Patent No. 7,222,078 to Lodsys, together with pre-judgment and post-judgment interest, in an amount according to proof;

(c)    Finding defendants' infringement to be willful from the time that defendants became aware of the infringing nature of their respective products and services, which is the time of receiving a notice letter from Lodsys or the filing of Lodsys' Complaint at the latest, and awarding treble damages to Lodsys for the period of such willful infringement pursuant to 35 U.S.C. § 284;

(d)    Awarding attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

(e)     Awarding such other costs and further relief as the Court may deem just and

proper.

Dated:  November 20, 2012                    Respectfully Submitted,

                                             By:  /s/ William E. Davis, III
                                             William E. Davis, III
                                             Texas State Bar No. 24047416
                                             **THE DAVIS FIRM, PC**
                                             111 West Tyler Street
                                             Longview, Texas 75601
                                             Telephone: (903) 230-9090
                                             Facsimile: (903) 230-9661
                                             Email:  bdavis@bdavisfirm.com

                                             Michael A. Goldfarb
                                             Christopher M. Huck
                                             Kit W. Roth
                                             **KELLEY, GOLDFARB,**
                                             **GILL, HUCK & ROTH, PLLC**
                                             700 Fifth Avenue, Suite 6100
                                             Seattle, Washington 98104
                                             Telephone: (206) 452-0260
                                             Facsimile: (206) 397-3062
                                             Email: goldfarb@kdg-law.com
                                             Email: huck@kdg-law.com
                                             Email: roth@kdg-law.com

                                             **Attorneys for Plaintiff**
                                             **Lodsys Group, LLC**